UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIMULA MANAGEMENT, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>PRIMROSE SCHOOL FRANCHISING COMPANY LLC; and PRIMROSE SCHOOL FRANCHISING SPE, LLC<br><br>*Defendants*. | Case No. 25-cv-1795 |

**[PROPOSED] ORDER GRANTING PLAINTIFF PRIMULA MANAGEMENT, LLC'S MOTION FOR A PRELIMINARY INUNCTION**

THIS MATTER having been brought before the Court on the motion of Plaintiff Primula Management, LLC ("Primula") for a preliminary injunction against Defendants Primrose School Franchising Company LLC ("PSFC") and Primrose School Franchising SPE, LLC (collectively, "Primrose" or "Defendants") pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* (the "DTSA"), and Rule 65 of the Federal Rules of Civil Procedure, and the Court having reviewed and considered all papers that the parties have submitted in support of and in opposition to the motion, if any, and being fully advised and for good cause shown, the Court finds that Primula has demonstrated a likelihood of success on the merits of its claims, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities is in its favor, and that an injunction is in the public interest. Specifically, Primula has shown that it has a right to relief under the DTSA and Fed. R. Civ. P. 65, that Defendants disclosed and used Primula's trade secret and confidential terms and concepts associated with its proprietary enrollment management computer application

without authorization, and that PSFC breached its confidentiality obligations of the Pilot Agreement entered into on October 3, 2024 between Primula and PSFC.

Accordingly, Primula is entitled to preliminary injunctive relief and the Court GRANTS Primula's motion as follows:

1.     The Court hereby preliminarily RESTRAINS AND ENJOINS Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, from disclosing and using Primula's trade secret and confidential terms and concepts associated with its proprietary enrollment management computer application without authorization.

2.     The Court hereby preliminarily RESTRAINS AND ENJOINS Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, from misusing Primula's proprietary and confidential term "available spaces," which reflects spaces available for enrollment and the concept of "availability," either by itself or in conjunction with other terms and concepts including but not limited to enrollment forecasting reports and any report that matches waitlists, parent inquiries, or tour interest with spaces available for enrollment and the concept of "availability."

3.     The Court hereby preliminarily RESTRAINS AND ENJOINS PSFC, its agents, servants, employees, attorneys, and all others in active concert or participation with PSFC, from disclosing and using Primula's trade secret and confidential terms and concepts associated with its proprietary enrollment management computer application in violation of the confidentiality provisions of Section 11.1 of the Pilot Agreement.

4.     The Court hereby preliminarily ENJOINS Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, to take

corrective action as necessary to recall or withdraw any communications to the Primrose franchisees that violate the DTSA or the confidentiality provisions of Section 11.1 of the Pilot Agreement.

      5.      This Preliminary Injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

      SO ORDERED.

DATED: _____                       _____

                                                                                       United States District Judge